## McCLOSKEY *v.* TOBIN, SHERIFF OF BEXAR COUNTY, TEXAS.

ERROR TO THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS.

No. 79.    Submitted November 12, 1919.—Decided March 1, 1920.

The rights under the Fourteenth Amendement of a layman engaged in the business of collecting and adjusting claims are not infringed by a state law prohibiting the solicitation of such employment. P. 108.

Affirmed.

THE case is stated in the opinion.

*Mr. R. H. Ward* for plaintiff in error.

*Mr. B. F. Looney*, Attorney General of the State of Texas, and *Mr. Luther Nickels*, Assistant Attorney General of the State of Texas, for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Article 421 of the Penal Code of Texas defined, with much detail, the offence of barratry. In *McCloskey* v. *San Antonio Traction Co.*, 192 S. W. Rep. 1116 (Texas), a decree for an injunction restraining the plaintiff in error from pursuing the practice of fomenting and adjusting claims was reversed on the ground that this section had superseded the common law offence of barratry and that by the Code "only an attorney at law is forbidden to solicit employment in any suit himself or by an agent." Article 421 was then amended (Act of March 29, 1917, c. 133) so as to apply to any person who "shall seek to ob-

tain employment in any claim, to prosecute, defend, present or collect the same by means of personal solicitation of such employment . . ." Thereafter McCloskey was arrested on an information which charged him with soliciting employment to collect two claims, one for personal injuries, the other for painting a buggy. He applied for a writ of *habeas corpus* which was denied both by the County Court and the Court of Criminal Appeals. The case comes here under § 237 of the Judicial Code, McCloskey having claimed below as here, that the act under which he was arrested violates rights guaranteed him by the Fourteenth Amendment.

The contention is, that since the State had made causes of action in tort as well as in contract assignable, *Galveston &c. Ry. Co.* v. *Ginther*, 93 Texas, 295, they had become an article of commerce; that the business of obtaining adjustment of claims is not inherently evil; and that, therefore, while regulation was permissible, prohibition of the business violates rights of liberty and property and denies equal protection of the laws. The contention may be answered briefly. To prohibit solicitation is to regulate the business, not to prohibit it. Compare *Brazee* v. *Michigan*, 241 U. S. 340. The evil against which the regulation is directed is one from which the English law has long sought to protect the community through proceedings for barratry and champerty. Co. Litt. p. 368 (Day's Edition, 1812, vol. 2, § 701 [368, b.]); 1 Hawkins Pleas of the Crown, 6th ed., 524; *Peck* v. *Heurich*, 167 U. S. 624, 630. Regulation which aims to bring the conduct of the business into harmony with ethical, practice of the legal profession, to which it is necessarily related, is obviously reasonable. *Ford* v. *Munroe*, 144 S. W. Rep. 349 (Texas). The statute is not open to the objections urged against it.

*Affirmed.*