## JOEL RUCKER V. STATE

No. 32,719. January 25, 1961

C. B. Bunkley, Jr., W. J. Durham, K. F. Holbert, L. A. Bedford, Jr., Fred J. Finch, Jr. (By C. B. Bunkley, Jr.) Dallas, for appellant.

C. A. Allen, District Attorney, Marshall, and Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge

The appeal is from a conviction for violation of an ordinance of the city of Marshall. The prosecution arose in the corporation court where appellant was found guilty and assessed a $200 fine. He appealed to the county court and the trial resulted in a like fine being assessed by the jury.

The ordinance provides: "It shall be unlawful for any peddler, salesman, solicitor, or any other person who goes on the premises of another person, to remain on such premises after he has been ordered by any lawful occupant to leave such premises."

The punishment for violation of said ordinance is found in the following section of the Code of Ordinances of the city of Marshall: "It shall be unlawful for any person to violate or fail to comply with any provision of this code, and where no specific penalty is provided therefor, the violation of any provision of this code shall be a fine not exceeding two hundred dollars; provided, where such fine is for an offense for which the state law

imposes a fine, a fine imposed by the corporation court shall be the same as a fine for such like offense under state law."

Appellant filed various exceptions and motions to quash the complaint which were overruled. On appeal he attacks the ordinance as unconstitutional for several reasons; and attacks the complaint, both because of the invalidity of the ordinance and the insufficiency of said complaint to charge a violation thereof.

A state statute, Art. 479 P.C., provides: "Any peddler or hawker of goods or merchandise who enters upon premises owned or leased by another and wilfully refuses to leave said premises after having been notified by the owner or possessor of said premises or his agent, to leave the same, shall be fined not less than one nor more than twenty-five dollars."

Under this statute, as well as under the ordinance in question, the maximum punishment which may be meted out to a peddler who enters the premises of another and refuses to leave, after being notified or ordered to do so by one in lawful occupancy of said premises, is a fine of $25.00; whereas the ordinance provides that "any other person" (one who is not a peddler, salesman or solicitor) may be fined $200.00 for the same act and failure.

Article 1, Section 3 of the Constitution of Texas and the 14th Amendment to the Constitution of the United States secure to all persons similarly circumstanced equal protection under the laws of this state or any subdivision thereof, and it is a well settled rule in all jurisdictions that a penal ordinance of municipal corporation constitutes state action subject to these fundamental provisions of the state and federal constitutions. As these provisions have been construed by the highest courts of this state as well as by the Supreme Court of the United States, a state law is not repugnant to either constitutional provision so long as unequal treatment of persons is based upon a reasonable and substantial classification of persons. Unequal treatment of persons under a state law which is founded upon unreasonable and unsubstantial classification constitutes discriminatory state action and violates both the state and federal constitutions. Barbier v. Connolly, 113 U.S. 27, 5 S. Ct. 357, 28 L. Ed. 923; Williams v. Arkansas, 217 U.S. 79, 30 S. Ct. 493, 54 L. Ed. 673; Baccus v. Louisiana, 232 U.S. 334, 34 S. Ct. 439, 58 L. Ed. 627; McCloskey v. Tobin, 252 U.S. 107, 40 S. Ct. 306, 64 L. Ed. 481; Truax v. Corrigan, 257 U.S. 312, 42 S. Ct. 124, 66 L. Ed. 254; Breard v. Alexandria, 341 U.S. 622, 71 S. Ct. 920, 95 L. Ed. 1233; Stans-

bury v. State, 133 Tex. Cr. R. 411, 111 S.W. 2d 717, 719; Ex Parte Tigner, 139 Tex. Cr. R. 452, 132 S.W. 2d 885 affd. Tigner v. State of Texas, 310 U.S. 141, 60 S. Ct. 879, 84 L. Ed. 1124, rehearing denied 310 U.S. 659, 60 S. Ct. 1092, 84 L. Ed. 1422; Ex Parte Flake, 67 Tex. Cr. R. 216, 149 S.W. 146, 156; Ex Parte George, 152 Tex. Cr. R. 465, 215 S.W. 2d 170; Beacon Lumber Co. v. Brown, Tex. Sup. Ct., 14 S.W. 2d 1022; State v. Standard Oil Co. et al, 130 T. 313, 107 S.W. 2d 550, 557; State v. Richards, 157 T. 166, 301 S.W. 2d 597; Slater v. City of El Paso et al, Tex. Civ. App., 244 S.W. 2d 927, writ refused; Ground Water Conservation District No. 2 v. Hawley, Tex. Civ. App., 304 S.W. 2d 764, affd. 157 T. 643, 306 S.W. 2d 352; Heaton v. Bristol, Tex. Civ. App., 317 S.W. 2d 86, writ refused.

There appears no reasonable and substantial classification of persons which justifies the imposition of a $25.00 fine upon peddlers, salesmen, and solicitors and a $200 fine upon all other persons for the same act.

For the reasons stated, the ordinance is void and the conviction thereunder cannot be sustained.

The judgment is reversed and the prosecution is ordered dismissed.