**Floyd NICHOLS, Plaintiff,**

v.

**Carol S. VANCE, Individually and as District Attorney in and for Harris County, Texas, Defendant.**

**Civ. A. No. 68–H–162.**

United States District Court
S. D. Texas,
Houston Division.

Nov. 25, 1968.

Benjamin E. Smith, New Orleans, La., William M. Kunstler and Arthur Kinoy, New York City, Morton Stavis, Newark, N. J., and Bobby H. Caldwell, Houston, Tex., for plaintiff.

Joe S. Moss, Asst. Dist. Atty., Harris County, Tex., for defendant.

Before THORNBERRY, Circuit Judge, and HANNAY and NOEL, District Judges.

NOEL, District Judge.

In May 1967 one policeman was killed and two others were injured during the period of certain occurrences on the campus of Texas Southern University in Houston, Texas, collectively categorized in the defendant's briefs as a riot. Thereafter, plaintiff was indicted by the Harris County Grand Jury and charged with murder and two counts of assault with intent to murder. This action was brought, on March 1, 1968, against the Harris County District Attorney. Asserting that the three indictments returned against him are based on article 468 of the Vernon's Ann.Texas Penal Code, the Texas riot statute, plaintiff seeks:

(a) a permanent injunction restraining defendant "from the enforcement, operation or execution of [art.] 468 of the Texas Penal Code";

(b) a permanent injunction restraining defendant "from impeding, intimidating, hindering and preventing the plaintiff from exercising the rights, privileges and immunities guaranteed to him by the Constitution and laws of the United States"; [1]

(c) "that a declaratory judgment issue declaring that [art.] 468 of the Texas Penal Code is void on its face and null and void as violative of the Constitution of the United States"; and

(d) "that pending the hearing and determination of the prayers for permanent relief, an interlocutory injunction issue restraining defendant from enforcing in any way the provisions of [art.] 468 of the Texas Penal Code or from prosecuting further any proceedings whatsover, pursuant to said statute, against the plaintiff herein and more particularly those criminal proceedings against the plaintiff now pending * * wherein plaintiff is charged with assault to kill and murder."

Jurisdiction is alleged on the basis of 28 U.S.C. §§ 1331(a), 1343(3), (4), 2201, 2202, 2281, 2284, and 42 U.S.C. §§ 1971, 1981, 1983 and 1985. Because the enforcement of a state statute was under attack, a three-judge court was convened

---

1. From other portions of his complaint it appears that the conduct of which plaintiff complains has assumed three forms: threats to prosecute under the murder and assault statutes, the filing of the existing charges for murder and assault, and threats to prosecute under the riot statute. Obviously, this Court cannot grant relief in the broad terms requested by plaintiff, for such an injunction would merely restate the law. An injunction may issue only to prohibit the doing of specified acts or the participation in specified conduct. NLRB v. Express Pub. Co., 312 U.S. 426, 435–436, 61 S.Ct. 693, 85 L.Ed. 930 (1941); Mel Croan Motors, Inc. v. NLRB, 395 F.2d 154 (5th Cir. 1968). Accordingly, the Court will construe plaintiff's prayer as if he had requested an injunction against the specific conduct of which he complains elsewhere in his complaint.

pursuant to 28 U.S.C. §§ 2281, 2284. Upon reflection the panel questions whether this case comes within the requirements of the three-judge statute. See Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); California Water Service Co. v. City of Redding, 304 U.S. 252, 68 S.Ct. 865, 82 L.Ed. 1323 (1938). As the panel has been convened, however, the merits of plaintiff's claims have been considered by the entire panel.

Defendant has moved to dismiss the complaint on the ground that plaintiff has not been charged with a violation of the riot statute and because plaintiff has an adequate remedy at law. For these and other reasons, his motion is granted.

The issues presented by plaintiff's complaint can be considered in a more orderly manner if his prayers are restated. He has requested three identifiable kinds of relief: (1) an injunction restraining defendant from prosecuting him under the existing murder and assault indictments; (2) a declaratory judgment declaring that the Texas riot statute is unconstitutional; and (3) an injunction restraining defendant from threatening prosecution under the riot statute or commencing prosecution under that statute.

■ 1. Plaintiff's request for injunctive relief against prosecution under the murder and assault indictments is without merit. The federal anti-injunction statute, 28 U.S.C. § 2283, precludes this Court from enjoining state proceedings "except as expressly authorized by Act of Congress".[2] The civil rights statutes cited by plaintiff contain no such express authorization. Therefore, the existing state proceedings against plaintiff cannot be enjoined. Baines v. City of Danville, 337 F.2d 579 (4th Cir. 1964), aff'd per curiam on other grounds, 384 U.S. 890, 86 S.Ct. 1915, 16 L.Ed.2d 996 (1966); Cameron v. Johnson, 262 F. Supp. 873 (S.D.Miss.1966), aff'd on other grounds, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968).

■ 2. Plaintiff's request for declaratory relief is premature. 28 U.S.C. § 2201 permits a federal court to "declare the rights and other legal relations of any interested party" "*in a case of actual controversy* within its jurisdiction". The declaratory judgment statute does not authorize a federal court to render an advisory opinion. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936). In this case plaintiff concedes that he has not been charged with a violation of the riot statute. There is thus no "actual controversy" over plaintiff's "rights and other legal relations" under the Texas riot statute, and this Court may not consider that statute's constitutionality. Cases cited by plaintiff in which federal courts have declared the constitutionality of state criminal statutes are distinguishable from this one, for in all those cases the party seeking the declaration had been charged with violations of the statute under attack. In the absence of "actual controversy," rights may not be declared.

■ Plaintiff alleges, however, that the riot statute is the basis for the indictments that have been returned against him. In essence this allegation amounts to an assertion that plaintiff expects the State in prosecuting him for murder and assault to apply the statute prohibiting those crimes in the same way that the riot statute would have been applied had he been prosecuted for riot. Because the murder and assault statutes as they will be applied are thus equivalent to the express terms of the riot statute, he argues, this Court may consider the constitutionality of article 468, which he asserts is unconstitutional on its face. In an effort to buttress this argument, plaintiff claims that he was several miles away at the time of the murder and assaults. Plaintiff's absence

2. Plaintiff does not assert that the other two exceptions to the general prohibition of § 2283, "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments," warrant the issuance of injunctive relief in this case.

from the scene of the crime, however, will not preclude the State from obtaining a conviction for assault or murder regardless of the existence or constitutionality of the riot statute, for a person may be convicted as a principal or as an accomplice even when he was not present at the time of the offense. Tex.Pen.Code arts. 65–76.[3] We can only speculate now whether article 468 will ever be involved in these state prosecutions. How the state court will apply the murder and assault statutes if it is permitted to try the case is equally uncertain. In these circumstances we should not interfere with the State's administration of its criminal law. The declaratory judgment remedy is discretionary. Abbott Laboratories v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

■ Several factors here constrain us to withhold relief. In the first place, it is uncertain that the statute alleged to be unconstitutional will even be in issue in the state proceedings. Secondly, out of respect for the state judiciary and the need to preserve our federal system, "a federal district court should be slow to act 'where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court * * *.' " Cameron v. Johnson, 390 U.S. 611, 618, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968). The same considerations compel restraint when a district court is requested to grant the discretionary remedy of a declaratory judgment. This Court may not consider the constitutionality either of the riot statute on its face or of the murder and assault statutes as applied. Both of plaintiff's requests for declaratory relief are premature.

■ 3. Finally, plaintiff has requested injunctive relief against threats of prosecution under the riot statute and against prosecution itself under that statute. For the reasons that have been stated, a federal court will not lightly grant such relief. For a federal court to review the conduct of state officials

or to call them before it to justify their action is to interfere with the State's administration of its criminal law. Because a federal court is reluctant to upset the delicate balance between the national and state sovereignties, a plaintiff who attempts to question the official conduct of state officials in federal court assumes a severe burden.

■ An injunction restraining state prosecution would prevent the State from bringing plaintiff into state court to defend a riot charge. Before a federal court will grant such extraordinary relief, plaintiff must show " 'special circumstances' beyond the injury incidental to every proceeding brought lawfully and in good faith * * *." Cameron v. Johnson, supra, 390 U.S. at 618, 88 S.Ct. at 1339. In Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), the special circumstances were a statute void on its face, repeated attempts to prosecute despite any hope for success, and the absence of a remedy under state law. In addition, the statute questioned was one directly regulating expression itself. This showing was held to warrant injunctive relief. Plaintiffs had proved facts demonstrating that the failure to issue an injunction would cause them irreparable harm.

■ It is in this context that plaintiff's request for injunctive relief must be assessed. Nowhere has he alleged facts that would justify a finding of special circumstances like those in Dombrowski. In the absence of factual allegations, considerations of comity and federalism do not permit this Court to order even an oral hearing. 28 U.S.C. § 2281 as construed in Dombrowski stands as a bulwark to protect individuals from harassment by state officials. The doctrine of comity, however, limits the right of action granted by § 2281 and protects state officials in the exercise of their official duties from harassment on the part of individuals who otherwise might seek to bring them into federal

3. See generally Morrison & Blackburn, The Law of Principals, Accomplices and Accessories Under the Texas Statutes, 1 Vernon's Texas Penal Code xiii (1952).

court by asserting unsupported, general, conclusory allegations. For want of a factual predicate, plaintiff's request for injunctive relief is dismissed.

Therefore, for the foregoing reasons, it is hereby ordered:

(1) That all requests for injunctive relief are denied; and

(2) That the complaint insofar as it requests declaratory relief is dismissed without prejudice.