Gary Lee **WETHERINGTON**, Appellant,

v.

**Tom O. ADAMS**, Individually and as Secretary of State of Florida and as Commissioner of Elections, Appellee.

No. 26136.

United States Court of Appeals
Fifth Circuit.

Jan. 27, 1969.

Gary Lee Wetherington, pro se.

Earl Faircloth, Atty. Gen., Robert A. Chastain, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

PER CURIAM:

Wetherington filed a complaint in the District Court, moved for injunctive relief against the application of a state statute, and requested the convening of a three-judge court pursuant to 28 U.S.C.A. § 2281. The complaint was dismissed for failure to state a claim upon which relief could be granted. We reverse.

The complaint attacked the constitutionality of Florida statutes requiring candidates for political party nomination to state elective office to pay a minimum filing fee and party assessment, e. g., Fla. Stat. §§ 99.092, 103.121 (1967), F.S.A., under the Fourteenth Amendment to the United States Constitution and the Civil Rights Acts, 28 U.S.C.A. § 1343, 42 U.S.C.A. § 1983. It raised the substantial constitutional question, "to what extent may a State, consistent with equal protection and the First Amendment guarantee of freedom of association, impose restrictions upon

a candidate's desire to be placed on the ballot?" Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968) (Warren, C. J., dissenting). Cf. Harper v. Virginia Bd. of Elections, 1966, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169.

When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute. Those criteria were assuredly met here, and the applicable jurisdictional statute therefore made it impermissible for a single judge to decide the merits of the case, either by granting or by withholding relief. Idlewild Bon Voyage Liquor Corp. v. Epstein, 1962, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794. See also Jackson v. Choate, 5 Cir. 1968, 404 F.2d 910 [1968].

The case is reversed and remanded with instructions to request the convening of a three-judge court by the Chief Judge of this Circuit.

Reversed and remanded.