Florence **DIFFENDERFER**, individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

Porter **HOMER**, County Manager of Dade County, Florida, et al., Defendants-Appellees.

No. 26566.

United States Court of Appeals Fifth Circuit.

Feb. 6, 1969.

Rehearing Denied March 10, 1969.

Robert M. Brake, Coral Gables, Fla., for plaintiffs-appellants.

Earl Faircloth, Atty. Gen., Robert A. Chastain, Asst. Atty. Gen., Tallahassee, Fla., Arden M. Siegendorf, Asst. Atty. Gen., Thomas C. Britton, Dade County Atty., Miami, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, THORNBERRY, and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Appellant Florence Diffenderfer, plaintiff below, sought (1) the convening of a three-judge court to declare a Florida statute unconstitutional, (2) various injunctions against the different defendants, and (3) other related relief. The basis of her suit is a challenge to the constitutionality of the Florida statutes requiring candidates for political office to pay filing fees and assessments for the candidates' political parties.[1] On con-

---

1. Fla.Stat. §§ 99.092, 99.103, F.S.A., which provide:

"99.092 Filing fee of candidate; notification of secretary of state.—

(1) A candidate for nomination for any office is required to pay to the officer with whom he qualified a filing fee and attach the original or signed duplicate of the receipt for his party assessment or pay the same, in accordance with the provisions of section 103.121, at the time of filing the sworn statement. The amount of the filing fee is three (3) per cent of the annual salary of the office, but for any state or legislative office, it shall not be less than one hundred eighty dollars ($180.00). The amount of the committee assessment is two per cent of the an-

sideration of the merits of her claim, the District Court dismissed the complaint for failure to state a claim upon which relief could be granted, and she now appeals from that decision.

This Court, having carefully studied the briefs and record in the case, has determined that this appeal is appropriate for disposition without oral argument. Accordingly, pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, we have directed the Clerk of the Court to put this case on the summary calendar and to so notify the parties in writing.[2] Our decision does not reach the substantive merits of plaintiff's original claim, for we have concluded that the appeal must be dismissed as untimely filed.[3]

The essential facts may be briefly stated. On April 9, 1968, appellant filed her complaint in the District Court for the Southern District of Florida on her own behalf and on behalf of all those similarly situated.[4] Named as defendants were the County Manager of Dade County, Florida, the Dade County Supervisor of Registration, and the Florida Secretary of State. Subsequent to

---

nual salary unless made less by the executive committee, but in the case of state or legislative offices it shall not be less than one hundred twenty dollars ($120.-00). No qualifying fees shall be returned to the candidate unless he withdraws his candidacy before the last date to qualify. * * *

99.103 Secretary of state to remit filing fees and party assessments of candidates to state executive committee.—

(1) If more than three-fourths of the full authorized membership of the state executive committee of any party was elected at the last previous election for such members, and, if such party shall be declared by the secretary of state to have recorded on the registration books of the counties, as of the eighty-fourth day prior to the first primary in general election years, five per cent of the total registrations of such counties when added together, such committee shall receive, for the purpose of meeting its expenses, all filing fees collected by the secretary of state from its candidates.

(2) Not later than thirty days prior to the first primary in even-numbered years the secretary of state shall remit all filing fees or party assessments that may have been collected by him to the respective state executive committee of the parties complying with subsection (1). Party assessments collected by the secretary of state shall be remitted to the appropriate state executive committee, irrespective of other requirements of this section, provided such committee is duly organized under the provisions of § 103.111."

2. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158 [Jan. 2, 1969]. See also United States v. One Olivetti Electric 10-Key Adding Machine, 5 Cir., 1969, 406 F.2d 1167; United States v. One 6.5 mm. Mannlicher-Carcano Military Rifle, 5 Cir., 1969, 406 F.2d 1170; Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165; NLRB v. Great A. & P. Tea Co., 5 Cir., 1969, 406 F.2d 1173; Thompson v. White, 5 Cir., 1969, 406 F.2d 1176; Meadows v. Cohen, 5 Cir., 1969, 409 F.2d 750.

The First Circuit has likewise upheld summary disposition without oral argument. See Magnesium Casting Co. v. Hoban, 1 Cir., 1968, 401 F.2d 516.

3. A companion case, Wetherington v. Adams, 5 Cir., 1969, 406 F.2d 724, presented the same substantive question as that raised here. In *Wetherington*, this Court considered the merits of the claim, reversed the District Court's dismissal, and remanded for the convening of a three-judge court. It thus became another unnecessary, duplicated hearing in the District Court which the procedure set out in Jackson v. Choate, 5 Cir., 1968, 404 F.2d 910; Jackson v. Department of Public Welfare of the State of Florida, S.D.Fla., 1968, 296 F.Supp. 1341, will largely obviate.

4. The gist of the complaint was that the statutes in question were violative of the equal protection clause of the fourteenth amendment, because they resulted in unreasonable discrimination between potential candidates of financial means and those without the funds necessary to pay the fee and assessment.

the filing of the original complaint, appellant added a motion for temporary injunction and other relief.

On May 3, 1968, before any responses had been filed by defendants, the District Court held a hearing on the motion for temporary injunction. At that time the Court entered the final order denying the application for a three-judge court, denying the motion for temporary injunction, and dismissing the complaint, with prejudice, for failure to state a claim upon which relief could be granted. Notice of appeal was therefore required not later than June 2, 1968.[5] On June 28, 1968, fifty-six days after the entry of the final order on May 3, a motion to extend the time for taking an appeal was filed with the lower court. On the same day, that Court undertook by an ex parte order to extend the appeal period thirty days from the expiration of the original time. This action would give appellant until July 2, 1968, to file an appeal, and on that date the notice of appeal was filed.

■ By the plain words of the Rules, timely filing of a notice of appeal is essential to the jurisdiction of an appellate court. *E.g.,* Knowles v. United States, 5 Cir., 1958, 260 F.2d 852. We assume that in the case before us the question of timeliness is governed by former F.R. Civ.P. 73(a).[6] At the time the motion for extension in this case was granted, Rule 73(a) provided, inter alia, that the District Court could extend the appeal time for thirty days upon a showing of "excusable neglect." Although the term "excusable neglect" had formerly been limited to a party's failure

to learn of a judgment, apparently its meaning at the time of this case was slightly broader. See the Advisory Committee's Note to amended Rule 73(a)(2), 39 F.R.D. 69, 130; 3A Barron & Holtzoff, Federal Practice & Procedure § 1553 (Supp.1968, Wright ed.). Whatever doubts we might have whether the excuse offered by appellant's attorney here—that he mistakenly "believed the time for taking appeal in [the federal court] was the same time as that of the State of Florida Rules of Procedure"—could constitute "excusable neglect," we do not reach it. This is because on this critical finding the judge entered the order ex parte without affording a hearing to the adversary who at that point in time had the law's precious nine points in the form of an unreviewable judgment.

■ Of course the District Court was empowered under Rule 73(a) to consider a motion for extension whether that motion was first filed before or after the expiration of the ordinary appeal time. Harris Truck Lines v. Cherry Meat Packers, 1962, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261. But for quite obvious reasons, after the expiration of the ordinary appeal time, the District Court may not grant an extension ex parte Rather, it must give notice and opportunity to be heard to all adverse parties. Winchell v. Lortscher, 8 Cir., 1967, 377 F.2d 247. See also Plant Economy, Inc. v. Mirror Insulation Co., 3 Cir., 1962, 308 F.2d 275; Cohen v. Plateau Natural Gas Co., 10 Cir., 1962, 303 F.2d 273, cert. denied, 1962, 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64; North Umberland Mining Co. v. Stand-

---

5. F.R.Civ.P. 73(a).

6. See note 5 supra and accompanying text.

Rule 73 was abrogated effective July 1, 1968. The provisions of the rule are now found in FRAP Rule 4, and there has been no change of substance. See generally 3A Barron & Holtzoff, Federal Practice & Procedure § 1553 (Supp. 1968, Wright ed.).

At the time the motion to extend the appeal time was granted—June 28, 1968—

Rule 73(a) was in effect. On July 1 FRAP Rule 4 became effective, and on July 2 the notice of appeal in this case was filed. We believe that the Supreme Court's order implementing the new rules can be construed to allow either the old rule or the new FRAP rule to be applied to the instant case. But, since our result would be the same under either rule, we deem it unnecessary to decide which *must* be applied.

ard Accident Ins. Co., 9 Cir., 1952, 193 F.2d 951. This is a sound [7] rule which was not heeded. The appeal must therefore be dismissed as untimely.

Appeal dismissed.

## APPENDIX

### RULE 17
### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

### RULE 18
### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

### RULE 19
### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be

---

7. As stated above, our conclusion would be the same under FRAP Rule 4 (note 6 supra), which provides:

"* * * Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion *with such notice as the court shall deem appropriate.*" (Emphasis added).

This language suggests that if a request for extension is filed after the expiration of the original appeal time, notice *of some kind* is required. In addition, the Advisory Committee's Note to Rule 4 states:

"* * * The requirement that a request for an extension of time for filing the notice of appeal made after expiration of the time be made by motion and on notice codifies the result reached under the present provisions of FRCP 73(a) and 6(b). North Umberland Mining Co. v. Standard Accident Ins. Co., 193 F.2d 951 (9th Cir., 1952); Cohen v. Plateau Natural Gas Co., 303 F.2d 273 (10th Cir., 1962); Plant Economy, Inc. v. Mirror Insulation Co., 308 F.2d 275 (3d Cir. 1962)."

43 F.R.D. 61, 127.

filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
## FRIVOLOUS AND UNMERI-
## TORIOUS APPEALS

If upon the hearing of any interlocutory *motion* or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.