Guy S. PARKER, Randy J. Parker, Kim L. Parker, through their natural tutor Joseph M. Parker; Jerry Hughes and Bernice Hughes, through their natural tutor Johnny Hughes; Darrell Wall through his natural tutrix Beatrice Wall

v.

**TANGIPAHOA PARISH SCHOOL BOARD et al.**

Civ. A. No. 69-531.

United States District Court
E. D. Louisiana,
New Orleans Division.

April 8, 1969.

Charles B. W. Palmer, Amite, La., for plaintiffs.

CASSIBRY, District Judge:

Alleging that the decision of the Fifth Circuit Court of Appeals in United States v. Jefferson County Board of Education, 372 F.2d 836 (1966), aff'd. *en banc*, 380 F.2d 385 (1967), cert. denied, 389 U.S. 840, 88 S.Ct. 77, 19 L.Ed.2d 104 (1967), "is in effect a statute, which is violative of the basic concepts of the Constitution of the United States," the plaintiffs, who "are Caucasians and are citizens of the United States," request that this Court certify the case to the Chief Judge of the Fifth Circuit to convene a three-judge district court pursuant to 28 U.S.C. §§ 2281, 2284 (1964). Also as a basis for the convening of a three-judge court, the plaintiffs allege the unconstitutionality of "any administrative orders by the Department of Health, Education

and Welfare that attempt to promulage (*sic*) any administrative orders or regulations regulating the forced bussing of students or the forced school attendance other than the basis set forth in the Civil Rights Act and the United States Constitution \* \* \*."

█ Because the plaintiffs do not request injunctive relief against the continued operation of the schools under the judicial decree or the regulations, and only seek to have them declared unconstitutional, no three-judge court is required, for such a court is empanelled only where the complaint seeks to challenge the constitutionality of statutes or regulations through injunctive relief. Flemming v. Nestor, 1960, 363 U.S. 603, 607, 80 S.Ct. 1367, 1371, 4 L.Ed.2d 1435. If a three-judge court were denied on this ground, however, the plaintiffs would only amend their complaint and pray for injunctive relief. Therefore, to avoid this circuitous procedure, the court will treat the complaint as one requesting injunctive relief, and proceed to consider whether the case should be certified to the Chief Judge as requiring a three-judge court.

█ A three-judge court is convened only in cases raising a *substantial* constitutional question of the validity of a statute or regulation. Bailey v. Patterson, 1962, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512; Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. In the interest of efficient judicial administration, the district courts in this circuit are admonished to leave for the three-judge court the inquiry of whether the questions presented in the complaint are substantial and are therefore a three-judge matter. Jackson v. Choate,

404 F.2d 910 (5th Cir. 1968). The District Judge merely requests that the Chief Judge of the circuit designate a three-judge panel, which then proceeds to determine whether it has jurisdiction. But where "there can be no doubt at all" of the insubstantiality of the constitutional claims asserted by the plaintiffs, a three-judge court need not be convened, for the determination concerning jurisdiction may be made by the District Judge alone. Jackson v. Choate, *supra* at 912. This is such a case.

█ The plaintiffs' first ground for invoking a three-judge court, while novel indeed, is clearly frivolous. They seek to challenge in this collateral proceeding the constitutionality of the Fifth Circuit Court of Appeals decision in *Jefferson County*, an *en banc* determination setting guidelines for school desegregation plans. It goes without saying, of course, that district courts, even those with three judges, are not in the habit of declaring decisions of the Courts of Appeals "unconstitutional". Furthermore, despite the plaintiffs' characterization of *Jefferson County* as "judicial legislation \* \* \* in violation of the Constitution of the United States," the decision is certainly neither a statute nor a regulation; thus no three-judge court is necessary to consider its "unconstitutionality".

█ Equally insubstantial is the plaintiffs' second ground for convening a three-judge court—the unconstitutionality of Department of Health, Education, and Welfare (HEW) School Desegregation Guidelines allegedly requiring forced bussing and school attendance.[1] HEW Regulations explicitly pro-

1. Because the plaintiffs' complaint does not specify which provision or provisions of the HEW Guidelines are challenged, the court is somewhat at a loss to know precisely which of the compliance policies the plaintiffs object to. Section 15 of the HEW Policies on Elementary and Secondary School Compliance with Title VI of the Civil Rights Act of 1964 (March 1968) is the only desegregation

standard which might foster, albeit obliquely, the claims asserted by the plaintiffs. It provides:

"*Transportation.* School systems are responsible for reorganizing their transporation systems to facilitate the elimination of the dual school structure. Race, color, or national origin may not be a factor in assigning students to buses, nor may school systems continue

vide that the requirements imposed upon elementary or secondary schools applying for financial assistance "shall be deemed to be satisfied if such school or school system \* \* \* is subject to a final order of a court of the United States for the desegregation of such school or school system \* \* \*." 45 C.F.R. § 80.4(c) (1968). *See* United States v. Jefferson County Board of Education, 372 F.2d 836, 847–848 (5th Cir. 1966). The Tangipahoa Parish School Board has been subject to such an order since June 9, 1965. *See* Moore v. Tangipahoa School Board, Civil Action No. 15556 (E.D.La.). Consequently, the HEW Guidelines are not in force in Tangipahoa Parish, and the plaintiffs, who are all residents of Tangipahoa Parish, are in no way affected by them. They have no standing therefore to challenge the constitutionality of the Guidelines. *See* Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943). Furthermore, even if standing were not in issue, there is an insubstantial constitutional question because the Fifth Circuit has already found that the HEW Guidelines "are required by the Constitution and \* \* \* are within the scope of the Civil Rights Act of 1964".[2] United States v. Jefferson County Board of Education, 372 F.2d 836, 848 (5th Cir.1966).

In sum, the constitutional claims asserted by the plaintiffs are not only unsound, but frivolous. It takes no "judicial prescience of a Delphic order to say with certainty that the attack is insubstantial." Jackson v. Choate, *supra* at 913. In this day of exploding dockets, Jackson v. Choate, *supra* at 911, this court will not require the Chief Judge and two additional judges to devote their energies to the consideration of these claims.

Accordingly, the plaintiffs' request for the convening of a three-judge court is denied.

to maintain overlapping, duplicative bus routes which segregate students." However, since the court holds that the plaintiffs lack standing to challenge the HEW Guidelines, see *infra*, it is im-

material which standard or standards they have in mind.

