James H. QUARLES

v.

STATE OF TEXAS et al.
No. 69–H–643.

United States District Court,
S. D. Texas,
Houston Division.

May 11, 1970.

James H. Quarles, Houston, Tex., pro se.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorn Phillips, Executive Asst. Atty. Gen., Robert C. Flowers and Sam L. Jones, Asst. Attys. Gen., State of Tex., Austin, Tex., for the State of Texas.

William C. Harvin, Ronald L. Palmer, and Baker, Botts, Shepherd & Coates, Houston, Tex., for State District Judges Wilmer B. Hunt and William N. Blanton, Jr.

Barnet B. Skelton, Price, Veltmann, Skelton & Noblett, Houston, Tex., for Irma H. Stewart and Carl Taylor.

## MEMORANDUM AND ORDER:

NOEL, District Judge.

Plaintiff, proceeding without counsel, seeks injunctive relief against numerous defendants for various alleged wrongs, and prays for the convening of a three-judge court. Jurisdiction is predicated on United States Constitution Art. 3, § 2, Pars. 1, 2; 28 U.S.C. §§ 2281, 2284; 42 U.S.C. §§ 1981, 1983; 18 U.S.C. §§ 242–244.

■ While jurisdiction under the United States Constitution is essential, Hodgson v. Bowerbank, 9 U.S. 303, 5 Cranch 303, 3 L.Ed. 108 (1809), a jurisdictional statute is also necessary to give this Court jurisdiction, Sheldon v. Sill, 49 U.S. 441, 8 How. 441, 12 L.Ed. 1147 (1850). Therefore, Article 3, § 2, Pars. 1, 2 alone do not create jurisdiction.

No jurisdiction under 28 U.S.C. §§ 1331, 1332 is asserted, nor could it be, because there is neither diversity of citizenship nor an allegation of the amount in controversy.

■ 18 U.S.C. §§ 242–244 do not give this Court jurisdiction because they create only criminal jurisdiction.

■■ 28 U.S.C. §§ 2281, 2284 do not give this Court jurisdiction. They only require certain cases already within the jurisdiction of a district court to be heard by a court of three judges.

Likewise, 42 U.S.C. §§ 1981, 1983 do not grant jurisdiction. They merely afford a remedy in cases to which jurisdiction is granted by 28 U.S.C. § 1343. Harkless v. Sweeny Ind. Sch. Dist., 300 F.Supp. 794, 806–809 (S.D.Tex.1969) revd. on other grounds 427 F.2d 319 (5th Cir. 1970).

■ Plaintiff's allegation of jurisdiction under 42 U.S.C. §§ 1981 and 1983 may be construed as asserting jurisdiction under 28 U.S.C. § 1343, and will be so construed. Such allegation is sufficient to give this Court jurisdiction to determine whether it is empowered to grant the relief plaintiff seeks. *Harkless*, supra, at 800. I therefore find I have jurisdiction.

Plaintiff seeks: (1) a declaratory judgment against the State of Texas and two state district judges declaring that two state statutes are unconstitutional,[1] and an injunction against the same defendants restraining prosecution under the two statutes; and (2) injunctive relief against the State of Texas, three state district judges, a justice of the peace, various county officials and private persons: a. to compel them to vacate prior convictions for barratry, for example, Quarles v. State, 398 S.W.2d 935 (Tex.Crim.App.1966); Quarles v. State, 385 S.W.2d 395 (Tex.Crim.App. 1965), cert. denied 382 U.S. 829, 86 S.Ct. 65, 15 L.Ed.2d 73 (1967); b. to prevent the enforcement of an allegedly uncon-

---

1. Texas' Barratry Statute, Vernon's Ann. Tex. Penal Code Art. 430 (1925); and the Texas Private Detective Act, Vernon's Ann.Tex.Rev.Civ.Stat. Art. 4413 (29bb) § 1–51 (1969).

stitutional injunction granted in civil litigation, Quarles v. State Bar of Texas, 316 S.W.2d 797 (Tex.Civ.App.—Houston—1958) no writ hist., and other final civil judgments; c. to condemn or return land they seized; d. to prevent them from threatening his life and rights associated with the ownership of property; and e. to prevent future intentional mishandling of his civil litigation.

■ Numerous defendants have not been served.[2] Those who have been served appeared and moved to dismiss. The motion is well taken, but before it can be granted, the Court must decide if a three-judge court should be convened to rule upon the motion.

■ A three-judge court is required to decide Quarles' claims if he: (1) seeks to enjoin the operation of a state statute or administrative order having statewide application; (2) brings suit against a state official; (3) claims the state statute or administrative order violates the federal Constitution 28 U.S.C. § 2281; C. A. Wright, Law of Federal Courts, § 50 at 189 (2d ed. 1970); and (4) the federal claim is substantial. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L. Ed.2d 794 (1962) (per curiam); California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L. Ed. 1323 (1938) (per curiam); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934) (per curiam).

In Jackson v. Dept. of Pub. Welfare, 296 F.Supp. 1341 (S.D.Fla.1968); published also as the appendix to Jackson v. Choate, 404 F.2d 910, 911 (5th Cir. 1968);[3] the Chief Judge of this Circuit argued that, "[e]xcept for cases on which there can be no doubt at all," a district judge should request the convening of a three-judge court whenever requested by the plaintiff and leave to the three-judge court the question whether the claim is properly before it. Id, 296 F.Supp. at 1342 and 404 F.2d at 912. Presumably, convening of the three-judge court may be dispensed with in cases within the exception.

In numerous decisions prior to Jackson the Supreme Court held that a district judge had unrestricted power to consider and to refuse the convention of a three-judge court when a claim, otherwise within the criteria of § 2281, was insubstantial. See cases cited in C. A. Wright, supra. In Ex parte Poresky, supra, the Supreme Court defined the criteria which, in its view, make a constitutional claim insubstantial.

"The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'" Id. 290 U.S. at 32, 54 S.Ct. at 4; C. A. Wright, supra, at 191.

The Jackson opinion suggests that the Chief Judge intended to tighten the Supreme Court's "insubstantial claim" standard by reducing the situations in which a single judge may decline to convene a three-judge court when requested. However, the opinion does not reveal how the Poresky criteria leave room for any "doubt." If a claim is already "obviously without merit" or if "its unsoundness clearly results from the previous decisions of [the Supreme

2. During the February 6, 1970, pretrial, I ordered Quarles to perfect service of process on all defendants within 7 days. Quarles, however, served only the State, two state district judges and two private persons. Because the claims against the unserved parties are identical to those made against the served defendants, this Court will not dismiss the claims against the unserved defendants for want of prosecution but will decide them on the merits.

3. Jackson's request for a three-judge court having been denied, he sought mandamus from the Court of Appeals. His appeal came to the attention of the Chief Judge, who rendered the mandamus action moot by convening a three-judge court on his own motion.

Court]," there *cannot* be "any doubt" of its insubstantiality.

Since *Jackson,* the Fifth Circuit has rendered three opinions reviewing a single district judge's refusal to convene a three-judge court. Hargrave v. McKinney, 413 F.2d 320 (5th Cir.1969); Randolph v. Simpson, 410 F.2d 1067 (5th Cir.1969) (C. J. Brown); and Wetherington v. Adams, 406 F.2d 724 (5th Cir.1969). See also, Parker v. Tangipahoa, Parish School Bd., 299 F.Supp. 421 (E.D.La.1969). In *Hargrave* and *Wetherington,* the court used the "insubstantial claim" test, while in *Randolph* the court used the "no doubt at all" test to review the lower court's decision.

After careful analysis this Court is unable to discern any distinction between the "insubstantiality" standard, prescribed in *ex parte Poresky* and followed in *Hargrave* and *Wetherington,* and the "There can be no doubt at all" standard applied in the other cases cited. Specifically a comparison of the opinions in *Hargrave* and *Wetherington* with the opinion in *Randolph* fails to elucidate the distinction, if any.

▇ Upon consideration of the foregoing authority, I conclude that the three-judge statute, 28 U.S.C. §§ 2281–2284, charges me with the responsibility of determining whether the constitutional questions raised by plaintiff are substantial and justify the convening of a three-judge court.

▇ Only Quarles' first claim attacks the enforcement of a state statute. Thus, his other claims do not meet the requirements of 28 U.S.C. § 2281 and do not necessitate the convening of a three-judge court. See cases cited by C. A. Wright, supra, at 189.

▇ Quarles' claim that the barratry statute violates his first amendment rights to free speech and association and his freedom to contract is frivolous and foreclosed by prior Supreme Court decisions. United States of America v. O'Brien, 391 U.S. 367, 376, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968);

Adderly v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1967); Donaldson v. Read Magazine, 333 U.S. 178, 68 S.Ct. 591, 92 L.Ed. 628 (1948); Valentine v. Chrestensen, 316 U.S. 52, 62 S.Ct. 920, 86 L.Ed. 1262 (1942); Halsted v. S. E. C., 86 U.S.App.D.C. 352, 182 F.2d 660, 668–669 (1950); (the first amendment does not protect speech and association incident to the crime of barratry); McClosky v. Tobin, 252 U.S. 107, 40 S. Ct. 306, 64 L.Ed. 481 (1920) (where the predecessor to the present Texas Barratry Statute, Tex. Penal Code Art. 421 (1917), was held not to interfere with the freedom to contract; since the present barratry statute is the same in all material respects to its predecessor, *McClosky* is dispositive here).

During the February 6, 1970 pretrial Quarles admitted that there were no state criminal prosecutions pending against him and that he did not then contemplate that future prosecutions or other state action would be initiated against him pursuant to the Private Detective Act, supra. In light of these statements, Quarles' attack against the Private Detective Act is frivolous because it does not state a "case or controversy." Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); Nichols v. Vance, 293 F.Supp. 680 (S.D. Tex.1968).

Being "insubstantial," Quarles' claims against the Texas Barratry Statute and Private Detective Act are dismissed for lack of jurisdiction. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934) (per curiam).

Quarles' second group of claims alleging deprivation of his civil rights under 42 U.S.C. §§ 1981, 1983 do not state a claim for relief and must be dismissed.

▇ Quarles fails to state a claim under 42 U.S.C. § 1981, because he does not contend that racial discrimination was practiced against him. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L. Ed. 497 (1944); Ambrek v. Clark, 287 F.Supp. 208 (E.D.Pa.1968).

■ Likewise, Quarles fails to state a claim under 42 U.S.C. § 1983 because he has not exhausted the adequate state remedies available to afford him relief. Burnett v. Short, 311 F.Supp. 586 (S.D. Tex.1970); Schwartz v. Galveston Ind. School Dist., 309 F.Supp. 1034 (S.D.Tex. 1970). In Burnett, discussing *Schwartz,* I said,

> "State remedies should be considered adequate if state courts would hear claims similar to the federal claims presented under § 1983, 'with as compassionate a concern as a federal court would, and suffer from no shortcomings not shared by federal courts which might prevent them from reaching a just result.' *Id.* at 1043."

■ The remedy provided by the State of Texas to persons attacking a prior criminal conviction is the writ of habeas corpus. Vernon's Ann.Tex.Code Crim.P. Art. 11.01 et seq.; In re Meyer, 172 Tex.Crim.R. 403, 357 S.W.2d 754 (1962). The State provides injunctions and the equitable bill of review to prevent the enforcement of an invalid state judgment. 24 T.J.2d, Executions, §§ 70, 81–90 (1961); 34 T.J.2d, Judgments, § 188 (1962). Trespass to try title is used in Texas to secure the return of land or to force a public authority who has seized land without paying just compensation to institute a condemnation counterclaim. 22 T.J.2d, Eminent Domain, § 346 (1961). Texas provides efficient remedies, to insure that county officials will properly handle a litigant's instruments and process. 12 T.J.2d, Clerks of Court, § 36 (1960); 31 T.J.2d, Injunction, § 89 (1962); 52 T.J.2d, Sheriffs and Constables, §§ 60, 88 (1964). In Texas, if a person's life or property rights are threatened he can stop the harassment by injunction. 31 T.J.2d, Injunctions, §§ 2, 69–70, 76, 82, 89 (1962). Upon examination of the Texas authorities, I conclude that these remedies are available to plaintiff and are either equivalent or superior to the federal remedy provided in § 1983.

Quarles must therefore pursue his § 1983 claims in state courts, not here.

Accordingly, it is ordered,

1. Quarles' application for a three-judge federal court is denied.

2. Quarles' complaint is dismissed for lack of jurisdiction or for failing to state a claim because his federal claims are insubstantial.

3. The Clerk shall send copies of this Memorandum and Order to plaintiff and to counsel for defendants.