



# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

September 24, 1975

The Honorable Oscar B. McInnis
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. H-698

Re: Whether a mayor may serve
as county chairman of a political
executive committee.

Dear Mr. McInnis:

You have requested our opinion regarding whether a mayor may serve as county chairman of a political party executive committee.

Section 3 of article 3.04 of the Texas Election Code provides as follows:

> No one shall act as chairman or as member of any district, county, or city executive committee of a political party who is not a qualified voter, or who is a candidate for public office, or who holds any office of profit or trust, either under the United States or this state, or any city or town in this state.

In Attorney General Opinion M-1121 (1972), this Office held that section 3 violates article 1, section 3 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution. The Attorney General reached this conclusion because he was:

> unable to discern any compelling state interest which is served by making the statute applicable to the chairman and members of a district, county, or city executive committee of a political party and not applicable to the chairman or members of a State executive committee or any other officer of a political party.

p. 3025

Opinion M-1121 applied the "compelling state interest" test to determine the validity of section 3. The United States Supreme Court has held, however, that the "compelling state interest" test is applicable only when "fundamental rights" are involved. When non-fundamental rights are at issue, the test is "whether the challenged state action furthers a legitimate state purpose or interest, " or whether the statute bears a "rational relation to a legitimate state interest. " San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1973); Starns v. Malkerson, 326 F. Supp. 234 (1970). See also Kramer v. Union Free School District No. 15, 395 U.S. 621, 627-28 (1969); McGowan v. Maryland, 366 U.S. 420, 425 (1961).

The Supreme Court has held that the right to candidacy is not a fundamental right. Bullock v. Carter, 405 U.S. 139, 142-43 (1972). See also Adams v. Askew, 511 F. 2d 700, 703 (5th Cir., 1975). We believe that the non-fundamental status of the right to candidacy is applicable to the right to act as a chairman or member of a political party executive committee.

We believe that it was reasonable for the Legislature, for purposes of proscribing the holding of certain political positions by public officers, to draw a distinction between, on the one hand, membership on a State executive committee, and, on the other, membership on a district, county or city executive committee. The Legislature might reasonably have concluded that political affiliations by public officers on a local level could result in a substantially greater potential for abuse of those public offices than would such political affiliations on a statewide level. We believe that the Legislature has a legitimate interest in maintaining the integrity of public institutions, and that the means chosen in this instance bears a rational relation to that purpose.

In Broadrick v. Oklahoma, 413 U.S. 601 (1973), the Supreme Court upheld an Oklahoma statute which, inter alia, prohibited only classified state employees from being members of a national, state or local committee of a political party. The Court declared that:

> . . . the legislature must have some leeway in
> determining which of its employment positions
> require restrictions on partisan political activities
> and which may be left unregulated. . . . And a state
> can hardly be faulted for attempting to limit the
> positions upon which such restrictions are placed.
> 413 U.S. at 607, fn. 5.

It is therefore our opinion that section 3 of article 3.04 bears a rational
relation to a legitimate state interest, and, as such, does not violate the
Equal Protection Clause of the Fourteenth Amendment.

Opinion M-1121 also held section 3 of article 3.04 to be in violation
of article 1 section 3 of the Texas Constitution, which provides:

> All free men, when they form a social compact, have
> equal rights, and no man, or set of men, is entitled
> to exclusive separate public emoluments, or privileges,
> but in consideration of public services.

The basis of this conclusion was the Supreme Court's decision in Burroughs
v. Lyles, 181 S.W. 2d 570 (Tex. Sup. 1944) and the Court of Criminal Appeals
opinion in Rucker v. State, 342 S.W. 2d 325 (Tex. Crim. App. 1961), neither of
which articulate any standard different from those imposed by the federal Con-
stitution. In Burroughs v. Lyles, supra, the Supreme Court held that:

> . . . the Legislature has the power to adopt any classifi-
> cation it sees fit, provided there is a reasonable basis
> for such classification. 181 S.W. 2d. at 574.

Since, as we have indicated, we believe that there is a reasonable basis for
the classification provided by section 3 of article 3.04, it is our opinion that
the statute does not contravene article 1, section 3 of the Texas Constitution.
Accordingly, a mayor may not act as county chairman of the executive committee
of a political party. Attorney General Opinion M-1121 is overruled to the
extent of conflict with this Opinion.

## SUMMARY

A mayor may not serve as county chairman of
the executive committee of a political party.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb