520 F.Supp. 1198 (1981)
Eddie GILES, Plaintiff,
v.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant.
No. 81-346C(2).
United States District Court, E. D. Missouri, E. D.
September 3, 1981.
*1199 Robert J. Reinhold, St. Louis, Mo., for plaintiff.
A. Jacy Thurmond, Jr., Legal Counsel Div., Richard V. Roscio, E.E.O.C., Washington, D. C., for defendant.

MEMORANDUM
NANGLE, District Judge.
This case is now before this Court on defendant's motion to dismiss portions of plaintiff's complaint due to a lack of subject matter jurisdiction and to a failure to state a claim upon which relief can be granted. In addition, defendant has requested this Court to strike plaintiff's request for a jury trial.
Plaintiff alleges in his complaint that he was subjected to disparate treatment due to his age, race, and sex while he held a position with the Equal Employment Opportunity Commission. He further claims that he was ultimately fired because of discriminatory practices and due to defendant's failure to provide plaintiff with the "reasonable accommodation" that he claims he was entitled to pursuant to 29 U.S.C. § 701 et seq., by reason of his addiction to alcohol. Plaintiff further alleges that the discriminatory treatment to which he was subjected during his employment at the Equal Employment Opportunity Commission entitles him to relief under 42 U.S.C. § 2000e-16, 42 U.S.C. §§ 1981, 1983, 1985, and 29 U.S.C. §§ 701-796.
In response to plaintiff's complaint, defendant first alleges in its motion to dismiss, that plaintiff has failed to cite the necessary statutory provisions in his complaint which would grant this Court the necessary subject matter jurisdiction to try this suit. In plaintiff's jurisdictional statement, he states that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1343(3) and (4) and also pursuant to 42 U.S.C. §§ 1981, 1983 and 1985. Both of these assertions are incorrect. 28 U.S.C. §§ 1343(3) and (4) allow a plaintiff to institute a suit in a federal forum, without regard to a jurisdictional amount, only if it is claimed that the constitutional rights of the plaintiff were violated by officials acting under state law. Lynch v. Household Finance Corporation, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); Ramirez v. Weinberger, 363 F.Supp. 105 (N.D.Ill.1973). Plaintiff is contending that the actions of federal officials at the Equal Employment Opportunity Commission violated his constitutional rights, therefore, 28 U.S.C. §§ 1343(3) and 1343(4) are not relevant to this particular cause of action. In addition, plaintiff relies in his complaint upon 42 U.S.C. §§ 1981, 1983 and 1985 to invoke the jurisdiction of this Court. These provisions do not grant jurisdiction; they merely provide a remedy in cases in which jurisdiction is present pursuant to 28 U.S.C. § 1343. Quarles v. State of Texas, 312 F.Supp. 835 (S.D.Tex.1970).
*1200 Despite plaintiff's inartful attempt to invoke the jurisdiction of this Court, plaintiff's complaint will not be dismissed because of a lack of subject matter jurisdiction. Instead, this Court will construe plaintiff's complaint as a valid assertion of jurisdiction and go on to determine whether the various allegations in the complaint state a claim upon which relief can be granted.
Plaintiff alleges in his first cause of action that he was subjected to disparate treatment and eventual discharge due to his race, sex, and age in violation of 42 U.S.C. § 2000e-16, 29 U.S.C. § 621 et seq., and 42 U.S.C. §§ 1981, 1983 and 1985. In response, defendant argues in its motion to dismiss that 42 U.S.C. § 2000e-16 provides the exclusive judicial remedy for claims of race and sex discrimination by federal employees. Brown v. GSA, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). It was the intent of Congress in amending Title VII "to create an exclusive, pre-emptive administrative and judicial scheme for redress of federal employment discrimination." Id. at 829, 96 S.Ct. at 1966. Therefore, plaintiff's claims of sex and race discrimination fail to state a cause of action under 42 U.S.C. §§ 1981, 1983 and 1985. Newbold v. U.S. Postal Service, 614 F.2d 46 (5th Cir. 1980); Scott v. Perry, 569 F.2d 1064 (9th Cir. 1978).
Defendant's second contention in its motion to dismiss is that plaintiff, a government employee, is precluded from bringing a cause of action under 42 U.S.C. §§ 1981, 1983 and 1985 for age discrimination. Just as Congress amended Title VII for the purpose of providing government employees with an exclusive remedy to alleviate race and sex discrimination, Congress intended to pre-empt alternative means of redressing age discrimination in federal employment when it recently enacted § 633a of the ADEA. If immediate access to the courts were available under alternative statutory provisions, federal employees could easily evade the initial administrative review required by § 633a. Patterson v. Weinberger, 644 F.2d 521 (5th Cir. 1981); Christie v. Marston, 451 F.Supp. 1142 (N.D.Ill.1978). Therefore it is the conclusion of this Court that plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §§ 1981, 1983 and 1985, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
Defendant also requests this Court to strike plaintiff's request for a trial by jury. It is clear that jury trials are not a matter of right in a Title VII cause of action. Great American Federal Savings and Loan Association v. Novotny, 442 U.S. 366, 375 n.9, 99 S.Ct. 2345, 2348, 60 L.Ed.2d 957 (1979); Marotta v. Usery, 629 F.2d 615 (9th Cir. 1980); Johnson v. Georgia Highway Express, 417 F.2d 1122 (5th Cir. 1969). In addition, the Supreme Court has held recently that federal employees are not entitled to a jury trial in a suit brought under the ADEA. Lehman v. Nakshian, ___ U.S. ___, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). Since the only remaining claims in this cause of action exist under Title VII, ADEA, and the Rehabilitation Act of 1967[1] defendant's motion that the request for a trial by jury be stricken will be granted.
NOTES
[1] 29 U.S.C. § 794a provides that an individual pursuing a complaint under the Rehabilitation Act will have the same rights, procedures, and remedies as an individual would be accorded by Section 717 of Title VII. Since there is no right to a jury trial under Title VII there is no such right in an action brought under the Rehabilitation Act.