**Manuel MUNOZ, Plaintiff,**

v.

**Verne ORR, Secretary of the Air Force, et al., Defendants.**

**Civ. A. No. SA–82–CA–226.**

United States District Court,
W.D. Texas,
San Antonio Division.

Feb. 8, 1983.

Rodolfo R. Munoz, San Antonio, Tex., plaintiff.

Jack B. Moynihan, San Antonio, Tex., for defendants.

### ORDER

SESSIONS, Chief Judge.

On this date came on to be considered Defendant Verne Orr's motion to dismiss and strike, Plaintiff's memorandum of law in opposition to said motion and Defendant's response to Plaintiff's opposition. After a consideration of said pleadings, the Court will grant Defendant's motion to dismiss and strike.

Defendant makes three requests for dismissal. First, Defendant asserts that, because Plaintiff makes a claim of discrimination in his federal employment, Title VII is his exclusive remedy. Thus, Defendant asks that Plaintiff's causes of action arising under the Constitution be struck. Second, Defendant requests that the Department of the Air Force and Kelly Air Force Base be dismissed as defendants because they are not proper parties. Finally, Defendant asks that Plaintiff's prayers for punitive damages and for interest on an award of back pay be struck.

### Plaintiff's Remedy

In *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the Supreme Court held that Section 717 of Title VII, 42 U.S.C. § 2000e–16, is the exclusive remedy for claims of discrimination in federal employment. Therefore, Defendant asserts that Title VII is Plaintiff's only remedy. However, Plaintiff counters that he is entitled to a *Bivens*-type action and to relief under 42 U.S.C. § 1983.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971),[1] the Supreme Court recognized an individual's right to recover damages from federal officials for violations of constitutional rights. The Court acknowledged, however, that not all constitutional infractions would be included in a *Bivens*-type action. Specifically, the Court suggested that a damage action would fail if either of two conditions were present. First, a *Bivens* action might be unavailable "when special factors counsel[ ] hesitation in the absence of affirmative action by Congress." *Id.* at 396, 91 S.Ct. at 2005. Second, Congress might have provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution in which it viewed as equally effective. *Id.* at 397, 91 S.Ct. at 2005. Plaintiff asserts that Defendants violated his First Amendment rights and that he is entitled to pursue a *Bivens*-type action. He contends that his claim of a First Amendment violation is not hindered by the *Bivens* two-prong test; that there are no special factors counselling hesitation and there is no alternative remedy which is a substitute for recovery directly under the Constitution. Thus, Plaintiff concludes that his First Amendment claim is one appropriate for a *Bivens*-type action.

In response, Defendant asserts that Plaintiff cannot satisfy either prong of the *Bivens* test. Defendant notes that the Fifth Circuit has determined that the

1. See, *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1981); *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).

government employer-employee relationship constitutes a special factor counselling hesitation, so Plaintiff's claim fails to satisfy the first part of the *Bivens* two-prong test. *Bush v. Lucas,* 647 F.2d 573 (5th Cir.1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 3481, 73 L.Ed.2d 1365 (1982). Further, Defendants claim that Plaintiff cannot satisfy the second prong of the test because Section 717 of Title VII constitutes an alternative remedy which is a substitute for recovery directly under the Constitution and which is equally effective. *Purtill v. Harris,* 658 F.2d 134, 137 (3rd Cir.1981); *White v. General Services Administration,* 652 F.2d 913 (9th Cir.1981).

■ Plaintiff apparently assumes that if he is entitled to assert a *Bivens*-type action he is likewise entitled to a cause of action under 42 U.S.C. § 1983. However, § 1983 provides a remedy against individual to violate a citizen's constitutional rights "under color of state law." Here, Plaintiff makes no claim that Defendants were operating under color of state law. Plainly, he is not entitled to assert a § 1983 action. *Broadway v. Block,* 694 F.2d 979, 981 (5th Cir. 1982).

■ Although Defendant asks that Plaintiff's non-Title VII claims be dismissed for lack of subject matter jurisdiction, a more proper analysis of those claims may be made pursuant to Rule 12(b)(6), Fed.R. Civ.P., dismissal for failure to state a claim upon which relief can be granted. See *Giles v. Equal Employment Opportunity Commission,* 520 F.Supp. 1198, 1199–1200 (E.D.Mo.1981). The standard for Rule 12(b)(6) dismissal is well established. A complaint may not be dismissed under that rule "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).[2] The well-pleaded, material allega-

tions of the complaint are taken as admitted and viewed in a light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 238, 94 S.Ct. 1683, 1689, 40 L.Ed.2d 90 (1974); *Mann v. Adams Realty Company, Inc.,* 556 F.2d 288 (5th Cir.1977); see Rule 8(f), Fed.R.Civ.P.

■ Plaintiff makes a claim of employment discrimination pursuant to Section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. This section provides a judicial remedy for claims of race and sex discrimination brought by federal employees. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In amending Section 717 to Title VII, it was the intent of Congress "to create an exclusive, pre-emptive administrative and judicial scheme for redress of federal employment discrimination." *Brown,* 425 U.S. at 829, 90 S.Ct. at 1966. Thus, the Supreme Court held that, "the established principle leads unerringly to the conclusion that Section 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown,* 425 U.S. at 835, 96 S.Ct. at 1969. The federal courts have consistently applied this rule. *Nolan v. Cleland,* 686 F.2d 806, 815 (9th Cir.1982); *White v. General Services Administration,* 652 F.2d 913, 916 (9th Cir.1981); *Eastland v. Tennessee Valley Authority,* 553 F.2d 364 (5th Cir.1979); *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1976); *Gissen v. Tackman,* 537 F.2d 784 (3rd Cir.1976) (per curiam) (en banc); see *Purtill v. Harris,* 658 F.2d 134, 137 (3rd Cir.1981).

A careful reading of Plaintiff's response to Defendant's motion indicates that he is claiming that he has a right to assert that Defendant violated his First Amendment rights in a *Bivens*-type action and that this claim is separate and distinct from his Title VII claim. The Ninth Circuit, in *Nolan v. Cleland, supra,* considered Nolan's conten-

---

**2.** See, e.g., *McLain v. Real Estate Board,* 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980); *Dike v. School Board of Orange County Florida,* 650 F.2d 783, 784 (5th Cir. 1981); *Green v. City of Montezuma, Georgia,*

650 F.2d 648, 651 (5th Cir.1981); *Sisk v. Texas Parks and Wildlife Department,* 644 F.2d 1056, 1061 (5th Cir.1981); *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir.1981).

tion that her due process claim should be considered separately from her claim brought pursuant to Section 717 of the Civil Rights Act of 1964. The Ninth Circuit, however, struck Nolan's due process claim, holding that *Brown v. General Services Administration, supra,* provided Nolan with an exclusive judicial remedy. "[W]e feel that such holding cannot be circumvented where the factual predicate for Nolan's due process claim is the discrimination which is the basis of her Title VII claim." *Nolan v. Cleland,* 686 F.2d at 815. Likewise, the factual predicate for Plaintiff's First Amendment claim is the discrimination which is the basis of his Title VII claim. Thus, *Brown* is controlling here.

Plaintiff also argues that he is entitled to make a claim for a *Bivens*-type remedy because he satisfies the *Bivens* two-prong test; that there are no special factors counselling hesitation and that Congress has not provided an alternative remedy which is a substitute for recovery directly under the Constitution. This is a specious argument, however. It is readily apparent, under the language of *Brown v. General Services Administration,* that Plaintiff cannot satisfy the second part of the two-prong test. The Supreme Court has specifically held that Congress intended Section 717 of the Civil Rights Act of 1964 to be the exclusive judicial remedy for claims of discrimination in federal employment. *Brown v. General Services Administration,* 425 U.S. at 835, 96 S.Ct. at 1969. Thus, the Court finds that Plaintiff's causes of action made pursuant to 42 U.S.C. § 1983 and any *Bivens*-type action should be dismissed as claims in the above-referenced cause.

### Proper Defendants

■ Defendant asserts that Verne Orr, the head of the agency Plaintiff sues, the Department of the Air Force, is the only proper Defendant in the above-referenced cause of action, and that the Department of

the Air Force and Kelly Air Force Base should be dismissed as parties. On the other hand, Plaintiff claims that he may recover from individuals and from the government itself. However, Plaintiff fails to cite any authority for his claim.

Section 717(c), 42 U.S.C. § 2000e–16(c), provides a procedure for a federal employee to bring suit in federal court. That section provides that an individual may file a civil action in which the head of the department plaintiff sues is named as defendant. It has been consistently held that the only proper defendant is the head of the department. *Newbold v. United States Postal Service,* 614 F.2d 46, 47 (5th Cir.1980), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1981); *Weiss v. Marsh,* 543 F.Supp. 1115, 1117 (M.D.Ala.1981); *Morton v. Harris,* 86 F.R.D. 437, 439 (N.D.Ga.1980).[3] Thus, the Court finds that the Department of the Air Force and Kelly Air Force Base should be dismissed as defendants in the above-referenced cause.

### Damage Claims

■ Defendant claims that punitive damages are not recoverable under Title VII and requests that Plaintiff's punitive damage claim be struck. Plaintiff counters that punitive damages are not foreclosed by Title VII. He states that in Title VII cases where punitive damages were not awarded, defendant's conduct was simply not egregious enough to warrant them.

The Fifth Circuit has recognized that only equitable relief is available under Title VII. *Miller v. Texas State Board of Barber Examiners,* 615 F.2d 650, 654 (5th Cir.1980). A punitive damage request is a legal remedy. A majority of the courts directly considering the matter have determined that punitive damages are not recoverable under Title VII. *Richerson v. Jones,* 551 F.2d 918, 926–28 (3rd Cir.1977); *Pearson v. Western Electric Company,* 542 F.2d 1150, 1151 (10th

---

**3.** Alternatively, Plaintiff seeks leave to amend his complaint to add individual names and to clarify his civil rights claim under 42 U.S.C. § 1985(3). For the reasons stated in this order, leave to make such an amendment will be de-

nied. Following the entry of this order, however, the Court will be amenable to a motion for leave to amend so that Plaintiff may change his complaint to reflect the issues addressed by the Court.

Cir.1976); *Russell v. American Tobacco Company,* 528 F.2d 357, 366 (4th Cir.1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976); see *Whiting v. Jackson State University,* 616 F.2d 116, 122 n. 4 (5th Cir.1980).

Defendant also asserts that interest on claims against the United States cannot be recovered in the absence of a specific provision to the contrary in the relevant statute. *United States v. Tillamooks,* 341 U.S. 48, 71 S.Ct. 552, 95 L.Ed. 738 (1951). Plaintiff makes no argument to the contrary. A review of the cases cited by Defendant establishes that in Title VII cases brought against the government a plaintiff is not entitled to recover interest. *Saunders v. Claytor,* 629 F.2d 596, 598 (9th Cir.1980); *Blake v. Califano,* 626 F.2d 891, 893 (D.C. Cir.1980); *Richerson v. Jones,* 551 F.2d 918, 925 (3rd Cir.1977). Thus, Plaintiff's claims for punitive damages and for interest will be struck. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion to dismiss and strike be, and hereby is, granted. Therefore,

IT IS FURTHER ORDERED that Plaintiff's claims which are premised directly upon the Constitution and 42 U.S.C. § 1983 are dismissed;

IT IS FURTHER ORDERED that the Department of the Air Force and Kelly Air Force Base are dismissed as parties;

IT IS FURTHER ORDERED that Plaintiff's claims for punitive damages and interest are to be struck from the pleadings.