**Celia LAGE, Plaintiff,**

v.

**Clarence THOMAS, et al., Defendants.**

**No. CA–3–83–1155–D.**

United States District Court,
N.D. Texas,
Dallas Division.

April 25, 1984.

Gabriel H. Robles, Dallas, Tex., for plaintiff.

Joseph N. Cleary, Thomas L. Gray, Equal Employment Opportunity Com'n, Washington, D.C., for defendants.

### ORDER

ROBERT M. HILL, District Judge.

Came on for consideration before the Court the motion of defendants, Clarence Thomas (Thomas), Lorenzo Ramirez (Ramirez), Gene R. Renslou (Renslou), Eliazar Salinas (Salinas), Ed Elizondo (Elizondo) and Carol Hawkins (Hawkins), to dismiss. Plaintiff, Celia Lage (Lage) brought this action alleging discrimination and retaliation, under § 717 of the Civil Rights Act of 1964, as added by § 11 of the Equal Employment Opportunity Act of 1972, 42

U.S.C. § 2000e–16, as well as common law assault. Having considered the parties' arguments in light of the applicable case law the Court is of the opinion that defendants' motion should be granted.

### Facts

Lage is an Hispanic female employed by the Equal Employment Opportunity Commission (EEOC) under the supervision of defendant Salinas. Lage asserts that Salinas and others conspired and maintained a pattern and practice of retaliatory and oppressive treatment against her as a result of her testimony in a co-worker's employment discrimination suit. As examples of the treatment Lage lists: the denial of a routine request for annual leave, verbal abuse, exclusion from unit supervisor meetings, submission of a false poor job performance evaluation, and denial of promotion. In addition, Lage states a cause of action for common law assault based upon Salinas' verbal abuse, physical intimidation and his shoving a folder into her stomach. Lage seeks to hold defendants Ramirez and Thomas liable as co-conspirators for their failure to act upon her complaints about Salinas.

Defendants seek dismissal of Lage's assault claim for lack of subject matter jurisdiction and dismissal of all of the individual defendants, except for Thomas in his official capacity. *See* Fed.R.Civ.P. 12(b)(1).

### Analysis

1. *Individual Defendants Under § 717*

■ The only proper defendant in a civil action pursuant to § 717 is the "head of the department, agency or unit, as appropriate." *See* 42 U.S.C. § 2000e–16(c); *Newbold v. United States Postal Service,* 614 F.2d 46, 47 (5th Cir.1980), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980), *reh'g denied,* 449 U.S. 1027, 101 S.Ct. 600, 66 L.Ed.2d 490 (1980). Defendant Thomas, as chairperson of the EEOC, Dallas District Office, is therefore, the only proper defendant to Lage's employment discrimination claim.

Lage has not implicated defendants Renslou, Elizondo or Hawkins in her assault claim, limiting their involvement to her § 717 claim. Accordingly, it is appropriate to dismiss these three defendants from the suit. In addition, to the extent that Lage seeks to state a cause of action against Ramirez and Salinas in either their official or individual capacities under § 717, Lage's claims should also be dismissed.

2. *Exclusivity of § 717*

■ The remaining defendants, Thomas, Ramirez and Salinas, assert that the Court lacks subject matter jurisdiction over Lage's assault claim. Defendants rely upon the Supreme Court decision in *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

In *Brown,* the Court reasoned that to overcome the problem of sovereign immunity, Congress created § 717 as "an exclusive and preemptive administrative and judicial scheme for the redress of federal employment discrimination." 425 U.S. at 829, 96 S.Ct. at 1966. Characterizing Title VII, and more specifically § 717, as "a precisely drawn, detailed statute" the Court held that § 717 preempted "more general remedies." *Id.* at 834, 96 S.Ct. at 1968. The Supreme Court clearly stated that it feared that § 717 "would be driven out of currency were immediate access to the courts under other, less demanding statutes permissible." *Id.* at 833, 96 S.Ct. at 1968. As examples of general statutes which might "circumvent exhaustion requirements and time limitations" the Court cited the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Federal Tort Claims Act and the Federal Employees' Compensation Act. *Id.* at 834, 96 S.Ct. at 1968. Based upon this analysis, jurisdiction has since been denied in suits tying § 717 actions with: § 1981 claims (see *e.g., Swain v. Hoffman,* 547 F.2d 921, 923 (5th Cir.1977)); Fifth Amendment claims *see e.g. Porter v. Adams,* 639 F.2d 273, 278 (5th Cir.1981); *Kizas v. Webster,* 707 F.2d 524, 542 (D.C.Cir. 1983); § 1985 claims *see e.g. Giles v. Equal Employment Opportunity Com-*

*mission,* 520 F.Supp. 1198 (D.C.Mo.1981); and First Amendment claims (*see e.g. Sorrells v. Veterans Administration,* 576 F.Supp. 1254, 1258 (S.D.Ohio 1983); *Munoz v. Orr,* 559 F.Supp. 1017, 1019 (W.D.Tex. 1983).

The Supreme Court restated its position in dicta in *Davis v. Passman,* 442 U.S. 228, 247 n. 26, 99 S.Ct. 2264, 2278 n. 26, 60 L.Ed.2d 846 (1979):

> We held that the remedies provided by § 717 are exclusive when those federal employees covered by the statute seek to redress the violation of *rights guaranteed by the statute.* (Emphasis added).

Lage's claim for assault should not be dismissed because it is not a cause of action for employment discrimination within the scope of § 717. *Accord: Quillen v. U.S. Postal Service,* 564 F.Supp. 314, 321 (E.D.Mich.1983); *Stewart v. Thomas,* 538 F.Supp. 891, 895–896 (D.D.C.1982).

The Court in *Stewart* succinctly stated the case against applying *Brown* in just this situation:

> Plaintiff ... bases her claims against the EEOC and [the individual defendant] on two distinct and independent rights: her right to be free from discriminatory treatment at her jobsite and her right to be free from bodily or emotional injury caused by another person... [P]hysical assault, a highly personal violation beyond the meaning of "discrimination," is separately actionable.

538 F.Supp. at 895, 896.

The result of bringing a claim for a distinct wrong is not to bypass the procedures set out in Title VII through the use of a "general statute," such as those previously listed and as the Court in *Brown* feared, but rather to obtain additional relief "for harms above and beyond discrimination which Title VII does not seek to remedy." *Id.* at 896. Lage has, in fact, exhausted her administrative remedies under Title VII.

Defendants argue that since Lage's cause of action arises from the same facts, the assault cause of action is "redressed" by Title VII. This argument does not withstand close scrutiny, in light of the fact that federal employees are permitted to bring suit under both Title VII and the Equal Pay Act, utilizing the same facts to form the basis for redress under both statutes. *See Nitterright v. Claytor,* 454 F.Supp. 130, 135 (D.D.C.1978); *Carter v. Marshall,* 457 F.Supp. 38 (D.D.C.1978). Assault, like unequal pay, is a distinct wrong from that redressed by Title VII. *Stewart,* 538 F.Supp. at 896. Accordingly, dismissal of Lage's common law assault claim, on the basis of *Brown* and § 717's exclusivity, would be inappropriate.

### 3. *Official Immunity*

It is defendants' position that, as government officials, they are not subject to tort liability for acts performed by them in the course of their federal duties.[1]

■ Federal officials are entitled to absolute official immunity from common law tort liability for actions committed within the scope of their authority. *Williams v. Collins,* 728 F.2d 721 at 726 (5th Cir.1984); *Claus v. Gyorkey,* 674 F.2d 427, 431 (5th Cir.1982); *Evans v. Wright,* 582 F.2d 20, 21 (5th Cir.1978). To satisfy the requirement that the defendant's acts be within his official duties,

> It is only necessary that the action of the federal official bear some reasonable relation to and connection with his duties and responsibilities to be within the scope of his authority.

*Claus,* 674 F.2d at 431.

■ Lage alleges that defendant Salinas verbally abused her, chased her out of his office, and "shoved a file into her stomach." Salinas seeks to characterize these occurrences as merely speaking in a "harsh voice" or handing something in a "rough manner." Although Salinas' actions may

---

1. Lage does not appear to state a cause of action for assault against the United States; to the extent that she seeks to do so, the Court notes that assault actions are exempted from the waiver of sovereign immunity provided for under the Federal Tort Claims Act. *See* 28 U.S.C. § 2680(h).

only amount to "conduct within the outer perimeter of his duties" as a supervisor, the Court cannot so conclude, construing Lage's allegations in a light most favorable to her. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). It would, therefore, be inappropriate for the Court to find Salinas entitled to official immunity on the record as presented in this motion to dismiss.

▋ In paragraph 37 of her original complaint, Lage alleges that she notified Ramirez and Thomas about Salinas' actions and that no action was taken by either individual. Lage seeks to hold Salinas' superiors liable for "condoning" Salinas' actions. Clearly, by alleging that it was Ramirez's and Thomas' duties to act on her complaint, Lage admits that it was within the scope of both defendants' authority to handle employee complaints. By failing to act on her complaint, Ramirez and Thomas merely exercised their discretion in handling complaints and thereby "acted within the outer perimeters of their official duties." *Evans,* 582 F.2d at 22. *See also Williams,* at 727–728. Defendants Ramirez and Thomas are, therefore, entitled to the protection of official immunity.

### 4. *Pendent Jurisdiction*

Lage requests that once a finding of proper subject matter jurisdiction has been made, the Court should then exercise pendent jurisdiction over her state tort claim.

▋ A federal court may exercise pendent jurisdiction over state causes of action if the state and federal claims derive from a common nucleus of operative fact and if the claims are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–726, 86 S.Ct. 1130, 1138–1139, 16 L.Ed.2d 218 (1966). In making its determination the Court must consider the following: (1) whether judicial economy, convenience and fairness to the litigators would be served by having the pendent state claim determined in a single proceeding; (2) whether trying the pendent claim will cause jury

confusion; and (3) whether the issues involved in the pendent state claim substantially predominate, in terms of proof, scope of issues or comprehensiveness of remedy sought. *Id.* at 727, 86 S.Ct. at 1139.

Defendants do not contest Lage's assertion that her Title VII and assault claim arise from a common nucleus of operative fact. Accordingly, the Court finds that it has the constitutional power to hear the state claim. The Court's jurisdiction is, however, limited by statutory law as well as Article III of the Constitution. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 372, 98 S.Ct. 2396, 2401, 57 L.Ed.2d 274 (1978). Title VII must be examined in order to determine whether Congress either expressly or impliedly negated the exercise of jurisdiction over the nonfederal claims as asserted. *Id.* at 373, 98 S.Ct. at 2402.

▋ Lage seeks punitive damages for the emotional distress inflicted by the defendants and requests a jury trial for her assault claim, Title VII affords only equitable relief and does not provide a right to a jury trial. *See* 42 U.S.C. §§ 2000e–5(g) and 2000e–16(d); *Blum v. Gulf Oil Corp.,* 597 F.2d 936, 938 (5th Cir.1979); *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir.1969). Under these circumstances the Court finds that exercising pendent jurisdiction over Lage's state claim would contravene the intent behind Title VII by circumventing the limited scope of relief available under Title VII and by foreclosing the option of assigning a Title VII case to a master. *Accord James v. Kid Broadcasting Corp.,* 559 F.Supp. 1153, 1156–1157 (D.Idaho 1983); *Bennett v. Southern Marine Management Co.,* 531 F.Supp. 115, 117 (M.D.Fla.1982); *Lazic v. University of Pennsylvania,* 513 F.Supp. 761, 770 (E.D.Pa.1981); *Jong-Yul Lim v. Intern. Inst. of Metro Detroit,* 510 F.Supp. 722, 725 (E.D.Mich.1981). *But see Frykberg v. State Farm Mutual Auto Ins. Co.,* 557 F.Supp. 517 (W.D.N.C.1983); *Goodman v. Board of Trustees,* 511 F.Supp. 602 (N.D.Ill.1981); *Guyette v. Stauffer Chemi-*

*cal Co.*, 518 F.Supp. 521, 524–525 (D.N.J. 1981).[2] The state claim, therefore, predominates over the federal claims in terms of the comprehensiveness of the remedies sought. *Accord James*, 559 F.Supp. at 1157.

The Court makes the alternative finding that pendent jurisdiction should not be asserted on the grounds that trying the pendent claim would cause jury confusion, and that the issues involved in the claim substantially predominate over the federal claim. The division of the trial into claims to be tried by a jury and those to be tried to the Court will result in some jury confusion and additional trial time. *Bennett, supra; Kennedy v. Mountain States Telephone and Telegraph Co.*, 449 F.Supp. 1008, 1011 (D.Colo.1978). In addition, the proof required for Lage's assault claim would involve different legal theories and factual issues from those in her Title VII claim. Lage will need to present evidence of defendant's intent to injure her and his ability to commit battery. The additional evidence and theories have the potential for confusing the jury and overwhelming the Title VII claim.[3]

The Court finds that Salinas' motion to dismiss should be granted without prejudice to Lage's refiling her state tort claim in state court. Lage's jury demand should also be stricken as there is no right to a jury trial under Title VII. The Court shall refrain from addressing Salinas' arguments concerning exhaustion of administrative remedies in light of these findings.

*Conclusion*

Defendants' motion to dismiss is hereby granted with prejudice as to defendants Ramirez, Renslou, Elizondo and Hawkins, and without prejudice to plaintiff refiling her assault claim in state court against defendant Salinas. Plaintiff's jury trial demand is hereby stricken.

It is so **ORDERED**.

---

2. The cited cases either fail to address the issue of the statutory limitation on jurisdiction as raised in *Owen Equipment* (see *Frykberg* and *Goodman*) or choose to place little weight on such concerns (see *Guyette*). See also *Brown v. Blue Cross*, 33 F.E.P. Cases (BNA) 316, 317 (E.D. Mich.1982), in which the Court found that *Owen Equipment* applied only to pendent party jurisdiction, but denied pendent claim jurisdiction on other grounds.

3. The Court notes that the claims in this action differ from those stated in *Guyette* and *Phillips v. Smalley Maint. Services*, 711 F.2d 1524 (11th Cir.1983), in which the Courts asserted pendent jurisdiction. In both of those actions the plaintiffs stated claims for sexual harrassment. As the Court in *Guyette* stated: "A sexual harrassment theory of recovery under Title VII bears distinct similarities to, and to a large extent arises out of, common law torts such as assault and battery..." 26 F.E.P. Cases (BNA) at 636. A prima facie case of retaliation, on the other hand, requires the proof of elements distinct from those in an assault claim. *Compare Whatley v. Metropolitan Atlanta Rapid Transit*, 632 F.2d 1325, 1328 (5th Cir.1980) (Elements of a retaliation claim), with *Cummings v. Walsh Construction Co.*, 561 F.Supp. 872, 877 (S.D.Ga. 1983) (Elements of a sexual harrassment claim).