**Myrna ROTTMAN**

v.

**U.S. COAST GUARD ACADEMY, et al.**

**Civ. No. H–85–277 (PCD).**

United States District Court,
D. Connecticut.

March 20, 1986.

Phyllis Gelman, New York City, for plaintiff.

Leslie C. Ohta, Asst. U.S. Atty., New Haven, Conn., for defendants.

## RULING ON MOTION TO DISMISS and MOTION TO STRIKE

DORSEY, District Judge.

Defendants have moved to dismiss plaintiff's third, fourth and sixth claims (the fifth claim for violation of the right to disclose information without retaliation has been deleted from plaintiff's second amended complaint). These three claims are founded, respectively, upon the fifth and first amendments and a claimed contractual right to union representation contained within a labor agreement.

In private employer situations, the Supreme Court has insisted that "the aggrieved individual clearly is not deprived of other remedies he possesses and is not limited to Title VII in his search for relief." *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459, 95 S.Ct. 1716, 1719, 44 L.Ed.2d 295 (1975). However, "[Section] 717 of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." Defendants' Memorandum of Law at 3, citing *Brown v. GSA,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). *Brown* makes clear that *Johnson* is inapposite in federal employee cases, distinguishing these cases on the basis of legislative history of the Title VII amendment enacting Section 717 and sovereign immunity. *Brown* at 833–34, 96 S.Ct. at 1968–69.

Title VII, and specifically Section 717, is a "precisely drawn statute" and Section 717 preempted "more general statutes." *Brown* at 834, 96 S.Ct. at 1968. Section 717 might probably "be driven out of currency were immediate access to the courts under other, less demanding, statutes permissible." *Id.* at 833, 96 S.Ct. at 1968. "Based upon this analysis, jurisdiction has been denied in suits tying § 717 actions with ... Fifth Amendment claims ... and First Amendment claims." *Lage v. Thomas,* 585 F.Supp. 403, 405–06 (N.D.Tex.1984); *see, e.g., Kizas v. Webster,* 707 F.2d 524, 542 (D.C.Cir.1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984) (fifth amendment claim); *Porter v. Adams,* 639 F.2d 273, 278 (5th Cir.1981) (fifth amendment claim); *Sorrells v. V.A.,* 576 F.Supp. 1254, 2258 (S.D.Ohio 1983) (first amendment claim); *Munoz v. Orr,* 559

F.Supp. 1017, 1019 (W.D.Tex.1983) (first amendment claim).

While Section 717 is the exclusive judicial remedy for discrimination against federal employees, "Title VII does not preclude separate remedies for *unconstitutional action other than discrimination* based on race, sex, religion or national origin." *White v. GSA*, 652 F.2d 913, 917 (9th Cir. 1981) (emphasis added); *see also Carlson v. Green*, 446 U.S. 14, 21, 100 S.Ct. 1468, 1473, 64 L.Ed.2d 15 (1980). Therefore, non-Title VII claims would not be foreclosed if they were based on actions other than the discrimination outlawed by Title VII. "Nothing in [Title VII's legislative] history even remotely suggests that Congress intended to prevent federal employees from suing their employers for constitutional violations against which Title VII provides no protection at all." *Ethnic Employees of Library of Congress v. Boorstin*, 751 F.2d 1405, 1405–16 (D.C.Cir.1985); *see Ray v. Nimmo*, 704 F.2d 1480, 1485 (11th Cir.1983) (Section 717 does not foreclose federal employee's suit for deprivation of constitutionally protected property interest without due process). Thus, plaintiff's non-Title VII claims would stand if they were based on other than the discriminatory actions against which Title VII provides protection.

Plaintiff's claims do not specify the "defendants' actions" which violated her constitutional and contractual rights. Second Amended Complaint, ¶¶ 51–58. There are no allegations of distinct non-discriminatory actions upon which the non-Title VII claims might be based. *Id.* In fact, *all* of the allegations of the complaint are incorporated into the non-Title VII causes of action. Rule 8(a), Fed.R.Civ.P., requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "In pleading a violation of constitutional rights, plaintiff should specify how he has been injured, since vague allegations that he has been denied his rights have been held not to state a claim under Rule 8(a)." 5 C. Wright & A. Miller, *Federal Practice and Procedure* (2d ed. 1982), § 1234. Despite the mandate of Rule 8(f)

to construe pleadings liberally so as to do substantial justice, plaintiff's pleadings make no allegation of distinct discriminatory, as opposed to non-discriminatory, wrongs upon which to distinguish Title VII from non-Title VII claims.

Plaintiff argues that "this court could find that defendants took these actions [violating plaintiff's first and fifth amendment rights] in retaliation for plaintiff's filing a sex discrimination complaint." Plaintiff's Brief in Opposition at 13. This implies that defendants' actions were either discriminatory and Title VII preempts these claims or, in the alternative, were non-discriminatory and thus unprotected under Title VII. This sort of artful pleading is precisely what the Supreme Court feared might be used to circumvent Title VII's precisely drawn remedies for employment discrimination. Pursuing the federal employee's claim directly under the fifth amendment "additionally or alternatively" to Title VII was foreclosed. *Kizas*, 707 F.2d at 542 (FBI employees, challenging special agents' selection system on grounds of equal protection, were covered under Section 717 and they could not pursue, either additionally or alternatively, a claim directly under fifth amendment).

If plaintiff's non-Title VII claims are based upon distinct wrongs, not merely recharacterizations of the same allegedly discriminatory acts upon which the Title VII claims are based, the exclusivity of Title VII's judicial scheme would not preclude them. The result of bringing a claim for a distinct wrong is not to bypass the procedures set out in Title VII through the use of a "general statute" as the Court in *Brown* feared, but rather to obtain additional relief "for harms above and beyond discrimination which Title VII does not seek to remedy." *Lage*, 585 F.Supp. at 406, quoting *Stewart v. Thomas*, 538 F.Supp. 891, 896 (D.D.C.1982).

Plaintlffs' complaint does not set forth a sufficient factual predicate upon which to base counts three, four and six distinct from those acts upon which she bases her Title VII claims. Therefore, defendants'

motion to dismiss plaintiff's third, fourth and sixth claims is granted, without prejudice to plaintiff amending her pleadings to set forth claims based on separate, non-discriminatory acts not preempted by Title VII protections, if such amendment is filed within fifteen (15) days hereof.

■ Because plaintiff's two remaining claims are based on Title VII and can only be brought against "the head of the department, agency or unit, as appropriate," 42 U.S.C. § 2000e–16(c), the court grants defendants' motion to dismiss the complaint as to all named defendants except Rear Admiral Edward Nelson.

■ In light of the dismissal of the non-Title VII claims, the court finds that, under Title VII, plaintiff will not be entitled, if successful, to prejudgment interest on back pay or other money damages. *See, e.g., Cross v. United States Postal Serv.,* 733 F.2d 1327 (8th Cir.1984); *Saunders v. Claytor,* 629 F.2d 596 (9th Cir.1980). Nor will she be able to recover monetary damages for pain and suffering or punitive damages. *See, e.g., Wilson v. Califano,* 473 F.Supp. 1350 (D.Colo.1979); *Davis v. Reed,* 462 F.Supp. 410 (W.D.Okl.1977).

Defendants' motion to strike ¶¶ 32–45 is denied as moot, as this motion has been reported settled by agreement. Plaintiff's Brief in Opposition at 2.

*Summary*

1. Counts One and Two as they state a claim against defendant Nelson shall stand.

2. Counts Three, Four and Six are dismissed, without prejudice to plaintiff amending, within fifteen (15) days hereof, each count to state a claim.

3. The entire complaint is dismissed as against those defendants other than Nelson.

4. All discovery in this case shall be completed by June 2, 1986. All dispositive motions shall be filed by June 16, 1986.

SO ORDERED.