Irving v. USA                          CV-81-501-M    03/13/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Gail Merchant Irving,
        Plaintiff,

        v.                                          Civil No. 81-501-M

United States of America,
        Defendant.


O R D E R


Plaintiff, Gail Irving, sues defendant, the United States, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, seeking damages for injuries she suffered in a workplace accident. Irving moves to increase her ad damnum to an amount in excess of the $1,000,000 she sought in her original administrative claim. For the reasons discussed below, Irving's motion is necessarily denied.


I.    PROCEDURAL AND FACTUAL BACKGROUND

Irving suffered serious personal injuries in a workplace accident she attributes in part to government negligence. The accident occurred on October 10, 1979. Before bringing her negligence suit against the United States under the FTCA, Irving filed an administrative claim with the appropriate federal

agency, the United States Department of Labor.  That claim was filed on November 25, 1980.  See 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency.")  In her administrative claim, Irving requested money damages in the amount of $1,000,000.

On October 7, 1981, Irving filed her complaint in this court seeking damages from the United States under the FTCA.  The FTCA provides that, with limited exceptions, "[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency."  28 U.S.C. § 2675(b).  Consistently with the statute, the ad damnum clause of Irving's complaint requested money damages in the amount of $1,000,000, the same amount she requested in her administrative claim.

This case is unusual in that it has been pending for an extraordinary length of time.  Plaintiff's fifteen year journey through the judicial system, to date, has included three separate appeals to the Court of Appeals for the First Circuit, the latest opinion in the case being Irving v. United States, 49 F.3d 830,

2

837 (1st Cir. 1995).  None of the blame for the unusual delay rests with the plaintiff.

## II.  DISCUSSION

The FTCA limits a plaintiff's ability to seek damages in court in excess of the amount sought in an administrative claim to instances in which there is newly discovered evidence or intervening facts:

> Action under this section shall not be
> instituted for any sum in excess of the
> amount of the claim presented to the federal
> agency, except where the increased amount is
> based upon newly discovered evidence not
> reasonably discoverable at the time of
> presenting the claim to the federal agency,
> or upon allegation and proof of some
> intervening facts, relating to the amount of
> the claim.

28 U.S.C. § 2675(b).  Irving says she is entitled to an increase in her ad damnum on both grounds - intervening facts and newly discovered evidence.

First, Irving argues that the fifteen year life of this case is highly unusual and was unpredictable at the outset.  She then asserts that the general economic inflation experienced during that time has devalued her damage request beyond what ordinarily might be expected.  In short, she claims that the unusual delay and its resulting devaluation of her original claim constitute

3

"intervening facts" relating to the amount of the claim.  Second, Irving contends that medical diagnoses obtained in 1982, after her administrative filing, constitute newly discovered evidence not reasonably discoverable at the time of presenting the claim to the administrative agency.

### A.    Delay and Inflation as Intervening Facts

On its face, Irving's first contention presents a rather straightforward question:  Does extraordinary delay and its attendant economic inflation qualify as an intervening fact sufficient to permit increase in the plaintiff's demand beyond that claimed at the administrative level?  It is undeniable that, in the fifteen years between the date Irving filed her administrative claim and today, inflation has affected the value of money.  It is equally unassailable that such inflation "relat[es] to the amount of the claim," 28 U.S.C. § 2675(b), at least in a general sense, because $1,000,000 in today's dollars is worth less than $1,000,000 in 1980 dollars.  Both law and equity, then, would seem to weigh substantially in favor of granting Irving's motion to increase her ad damnum.  The issue is complicated, however, by the fact that Irving's request to

4

increase her _ad damnum_ to account for inflation during the delay sounds much like a request for pre-judgment interest.

Absent an express waiver of sovereign immunity from an award of interest, the United States is immune from interest awards. _Library of Congress v. Shaw_, 478 U.S. 310, 314 (1986). "[F]ederal statutes cannot be read to permit interest to run on a recovery against the United States unless Congress affirmatively mandates that result." _Id._ at 316. Further, under the "no-interest rule," congressional waiver of immunity from interest must be express; it cannot be implied by operation of a statute or inferred from a general waiver of sovereign immunity from damages. _Id._ at 314-18.

The FTCA contains no express waiver of immunity from awards of interest. To the contrary, the statute expressly incorporates the no-interest rule as applied to pre-judgment interest, stating, "The United States . . . shall not be liable for interest prior to judgment . . . ." 28 U.S.C. § 2674; _Library of Congress_, 478 U.S. at 318-19 n.6. In light of this express incorporation of the no-interest rule, that section of the FTCA that allows increased damages in the case of "intervening facts," 28 U.S.C. § 2675(b), cannot be read to allow an increase that is, in reality, pre-judgment interest.

Of course, Irving's motion does not expressly request pre-judgment interest.  Rather, the motion seeks to increase the <u>ad damnum</u> to account for the fact that "the actual value of $1,000,000, in 199[6], is markedly lower than its value in 1980." (Irving Mot. at 5.)  Plaintiff points to inflation as the obvious reason for the decrease in value.  (Irving Mot. at 6.)  The question that must be decided, then, is whether Irving's offered basis for increasing her <u>ad damnum</u>, although called "inflation," is, in character if not in name, a claim for pre-judgment interest.

Although Irving has couched her request as one for compensation for delay and inflation, the Supreme Court has made clear that "the force of the no-interest rule cannot be avoided simply by devising a new name for an old institution."  <u>Library of Congress</u>, 478 U.S. at 321.

> [T]he character or nature of "interest" cannot be changed by calling it "damages," "loss," "earned increment," "just compensation," "discount," "offset," or "penalty," or any other term, because it is still interest and the no-interest rule applies to it.

<u>Id.</u> (quotations omitted).  Interest and compensation for delay "share an identical function."  <u>Id.</u> at 322.  "They are designed to compensate for the belated receipt of money."  <u>Id.</u>  "Thus,

6

whether the loss to be compensated by an increase in a[n] . . . award stems from an opportunity cost or from the effects of inflation, the increase is prohibited by the no-interest rule." Id. (citing Saunders v. Clayton, 629 F.2d 596, 598 (9th Cir. 1980) ("In essence, the inflation factor adjustment is a disguised interest award . . . ."), cert. denied, 450 U.S. 980 (1981)); see also Preston v. United States, 776 F.2d 754, 760 (7th Cir. 1985) (finding that compensation for loss of use of award over twelve year period "would clearly be an award of prejudgment interest, which is barred by the Federal Tort Claims Act"); Barrett v. United States, 660 F. Supp. 1291, 1319-20 (S.D.N.Y. 1987) ("Whether the adjustment plaintiff requests is called pre-judgment interest, `compensation for the time value of money,' or `compensation for delay,' it cannot be allowed because of the express prohibition in Section 2674" of the FTCA). But see McMichael v. United States, 856 F.2d 1026, 1036 (8th Cir. 1988) (stating (without distinguishing Library of Congress v. Shaw) that "[d]ecline in the value of the dollar is not equivalent to an award of prejudgment interest").

Therefore, Irving's request to increase the ad damnum to account for delay and inflation is, in effect, a request for pre-judgment interest and, as such, must be denied.  While

7

application of the no-interest rule, as codified in 28 U.S.C. §
2674, might appear harsh in this case, it "is an injustice for
Congress, not this court, to correct." Barrett, 660 F. Supp. at
1320.

### B. Medical Diagnoses as Newly Discovered Evidence

In further support of her motion to increase her ad damnum,
Irving claims that her physician's diagnoses, made in 1982,
confirming that she has a 30% permanent disability in her
extremities and a similar disability in her trunk, constitute
newly discovered evidence not reasonably discoverable at the time
of presenting the claim to the federal agency. This argument,
too, fails under prevailing law.

In Reilly v. United States, 863 F.2d 149 (1st Cir. 1988),
the Court of Appeals for the First Circuit addressed in detail
the "newly discovered evidence" exception contained in 28 U.S.C.
§ 2675(b).

> Because the statute itself renders the state
> of a claimant's knowledge (actual or
> constructive) at the time of presentment of
> the claim of decretory significance, the
> mechanics of a § 2675(b) inquiry must be
> double-barrelled: What should the party have
> known? When should she have known it? To be
> binding in this context, knowledge need not
> be certain. In the same vein, intelligence
> which serves only to bear out earlier

> suspicions cannot unlock the FTCA's narrow
> escape hatch. Diagnoses which are no more
> than cumulative and confirmatory of earlier
> diagnoses are neither "newly discovered
> evidence" nor "intervening facts" for the
> purposes of § 2675(b). We agree with the
> Second Circuit that the statute demands a
> showing that "some new and previously
> unforeseen information came to light" between
> the time of filing the administrative claim
> and the trial on damages.

Id. at 171 (citations omitted and emphasis added).

In support of her motion, Irving alleges, "It was not until 1982 that [her] primary treating physician confirmed that she has a 30% disability for each of the four extremities, and a similar disability rating for the trunk area." (Irving Mot. at 8.) However, the court of appeals has noted that "if the exact nature, extent and duration of each recognized disability must be known before § 2675(b) will be given effect, that section will be rendered useless." Reilly, 863 F.2d at 172. In addition, Irving claims, "[W]hat was once a somewhat uncertain claim largely dependent on future damages is now, sadly, a certain indisputable claim for past damages . . . ." (Irving. Mot. at 9.) Reilly makes clear, however, that "[t]he mere fact that these dread consequences, feared from the beginning, had become more certain does not suffice to brand them `newly discovered.'" Reilly, 863 F.2d at 172.

9

Other than the passage of time that has transformed some of her future damages into past damages and confirmed what once might have been speculative damages, Irving points to no "new and previously unforeseen information" bearing on damages that has come to light since she filed her administrative complaint. Therefore, Irving's motion to increase the ad damnum to an amount in excess of her administrative claim must be denied.

## III. CONCLUSION

Because Irving's motion to increase the ad damnum to account for the effects of delay and inflation is, in effect, an impermissible request for pre-judgment interest, and because she presents no newly discovered evidence, Irving's motion to increase her ad damnum to an amount in excess of her administrative claim (document no. 145) is denied.


SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

March 13, 1996

10

cc: Phyllis Jackson Pyles, Esq.
Gretchen Leah Witt, Esq.
Paul R. Cox, Esq.